UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST ALEXANDER, | ) | No. CV 18-5505 DOC (FFM) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED AS UNTIMELY |
| STU SHERMAN, Warden, | ) ) | |
| Respondent. | ) ) | |

On June 11, 2018, petitioner Earnest Alexander ("petitioner") constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The petition challenges petitioner's 2009 conviction in the Superior Court of Los Angeles County for various crimes.

**1. LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L.

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Here, the Court will presume that petitioner presented the petition for mailing on the day he signed it, June 11, 2018. (*See* Docket No. 1 at 8.)

No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

The petition's allegations do not demonstrate that petitioner is entitled to any of the start dates in subsections (d)(1)(B) through (d)(1)(D) of Section 2244. Accordingly, the Court applies subsection (d)(1)(A) to the petition. Under that subsection, the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The California Supreme Court denied petitioner's petition for review on June 8, 2011, and petitioner did not seek review in the United States Supreme Court.[2] Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction became final on September 6, 2011, ninety days after the California Supreme Court affirmed his conviction. Accordingly, the one-year limitations period was set to expire on September 6, 2012. *See Patterson*, 251 F.3d at 1245-47.

---

[2] The Court takes judicial notice of petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

2

Because petitioner did not initiate the current proceedings until June 11, 2018, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1).

**2. STATUTORY TOLLING**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a state habeas petition filed before a petitioner's conviction is final may toll limitations period, effectively delaying the initiation of the limitations period during the time the petition is pending. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (citation omitted).

Here, petitioner did not file any state habeas petitions before September 6, 2012. Petitioner did file a habeas petition in the California Court of Appeal, Second Appellate District on May 27, 2016, and a habeas petition in the California Supreme Court on May 22, 2017. As these state habeas petitions were filed after the September 6, 2012 expiration of the AEDPA limitations period, they do not provide petitioner with statutory tolling. *See Nino*, *supra*.

**3.    EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). The petitioner bears

///

3

the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has made no showing of extraordinary circumstances or diligence. Therefore, he has not demonstrated that equitable tolling is appropriate in this case.

**4. ORDER TO SHOW CAUSE**

Because the petition does not demonstrate any basis for tolling the limitations period, or for setting aside the one-year limitation, the Court orders petitioner to show cause in writing within **thirty (30) days** of the date of this order why the petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATED: June 25, 2018

                                            /S/ FREDERICK F. MUMM
                                                   FREDERICK F. MUMM
                                             United States Magistrate Judge